UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBBIE ALICE THOMPSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU, et al.,<br><br>　　　　Defendants. | Case No.  5:20-cv-02107-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 11, 30 |

Plaintiff Debbie Alice Thompson brings this suit against Defendants U.S. Bank National Association, as trustee, successor in interest to Bank of America, National Association, as Trustee as successor by merger to Lasalle Bank, National Association as trustee for Wamu, McCarthy & Holthus, LLP ("McCarthy"), California Reonveyance Company ("CRC"), Colleen Irby ("Irby"), and Quality Loan Service Corporation ("Quality") for injunctive relief to remove allegedly void clouds on title. Before the Court is Defendants' motion to dismiss the complaint and Plaintiff's motion to remand. Having considered the Parties' papers, the Court **DENIES** Plaintiff's motion to remand and **GRANTS** Defendants' motion to dismiss.[1]

---

[1] The Court found this motion suitable for consideration without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). *See* Dkt. 38.

Case No.: 5:20-cv-02107-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND
1

## I. BACKGROUND

### A. Factual Background

On or about June 15, 2006, Plaintiff obtained a loan in the principal amount of $1,770,000.00 ("the Loan") from Washington Mutual Bank, FA ("WaMu"). *See* Request for Judicial Notice ("RJN"), Dkt. 12, Ex. 1.[2] Repayment of the Loan was secured by a deed of trust ("DOT") that encumbers the real property located at 18285 Constitution Avenue, Monte Sereno, California 95030 (the "Property"). *Id.* The DOT was recorded in the Official Records of Santa Clara County on or about June 22, 2006. *Id.* The DOT identifies WaMu as the lender, CRC as trustee, and Plaintiff as the borrower and trustor. *Id.* Paragraph 22 of the DOT provides that the Lender retains the right to invoke the power of sale and to direct the trustee to initiate foreclosure in the event of default. *Id.* ¶ 22. It also states that the Note could be sold one or more times without prior notice to Plaintiff. *Id.* ¶ 20.

In 2006, Plaintiff's loan was securitized into a securitized trust, the WaMu Mortgage Pass-Through Certificates Series 2006-AR9 Trust (the "Trust"). *See id.*, Exs. 2–3. Under the Pooling and Servicing Agreement, WaMu retained the right to service Plaintiff's Loan, which included the right to initiate foreclosure in the event of default, for the Trust's benefit. *Id.*, Ex. 2. at §§ 3.01, 3.09. The Pooling and Servicing Agreement also designated LaSalle Bank, N.A. as the original Trustee. *Id.* at § 1.01. On or about December 3, 2010, an assignment of deed of trust ("First

---

[2] Plaintiff objects to Defendants request for judicial notice. *See* Dkt. 35. Defendants request that the Court take judicial notice of various documents related to (1) the deed of trust, (2) the assignment of the deed of trust, and (3) Plaintiff's various litigation regarding the mortgage. Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6). *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Courts may, however, take notice of documents pursuant to Federal Rule of Evidence 201 or documents incorporated by reference. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Rule 201 permits a court to take judicial notice of an adjudicative fact "not subject to reasonable dispute," that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice of matters of public record. *Khoja*, 899 F.3d at 999. The Exhibits that Defendants requests the Court notice are matters of public record and/or incorporated by reference. Thus, Defendants' request for judicial notice is **GRANTED.**

Case No.: 5:20-cv-02107-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND

2

ADOT") memorializing the transfer in interest to the Trust was recorded in the Official Records of Santa Clara County. *Id.*, Ex. 4.

When the financial crisis unfolded in 2008, WaMu was taken into receivership by the Federal Deposit Insurance Corporation ("FDIC-Receiver"). JP Morgan Chase Bank, N.A. ("Chase") acquired certain assets and liabilities of WaMu from FDIC-Receiver pursuant to a Purchase and Assumption Agreement. *Id.*, Ex. 5.

On or about December 3, 2010, a notice of default and election to sell under the DOT was recorded in the Official Records of Santa Clara County ("Notice of Default"). *Id.*, Ex. 6. The Notice of Default indicates that Plaintiff's payment on the Loan had not been made as of January 1, 2010. *Id.* On or about August 26, 2014, a substitution of trustee was recorded in the Official Records of Santa Clara County substituting ALAW as trustee of the DOT. *Id.*, Ex. 7. Thereafter, on or about May 7, 2015, a substitution of trustee was recorded in the Official Records of Santa Clara County, substituting Quality as trustee of the DOT. *Id.*, Ex. 8.

On or about June 29, 2016, a corrective assignment of deed of trust ("Second ADOT") was recorded in the Official Records of Santa Clara County. *Id.*, Ex. 9. The Second ADOT memorialized the transfer of interest in the DOT to Chase. *Id.* Immediately thereafter, a third assignment of deed of trust ("Third ADOT") was recorded in the Official Records of Santa Clara County. *Id.*, Ex. 10. The Third ADOT memorialized the transfer in interest of the DOT to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to LaSalle Bank, National Association as Trustee for WaMu Mortgage Pass-Through Certificates Series 2006 AR9 Trust. *Id.* The First ADOT, Second ADOT, and Third ADOT are collectively referred to as the "Assignments."

After the Notice of Default was recorded, the Property was noticed for a trustee's sale numerous times, the latest being recorded in the Official Records of Santa Clara County on February 22, 2019. *Id.*, Ex. 11.

Case No.: 5:20-cv-02107-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND
3

**B. Procedural History**

On September 16, 2015, Plaintiff filed a complaint with the Santa Clara County Superior Court (the "2015 Lawsuit"). *Id.*, Ex. 12. The 2015 Lawsuit was later removed and then remanded back to the superior court. *Id.*, Ex. 13. On September 1, 2016, Plaintiff's attorney filed a request for dismissal without prejudice of the 2015 Lawsuit. *Id.*, Ex. 14. On September 7, 2016, Plaintiff filed a complaint against Chase and the Trust in pro per with the Santa Clara County Superior Court (the "2016 Lawsuit"). *Id.*, Ex. 15. The complaint included copies of the Assignments as exhibits and alleged they were defective. *Id.* at ¶¶ 9–11. After the 2016 Lawsuit was removed to federal court, Chase and the Trust filed a motion to dismiss. *Id.*, Ex. 16. Upon review of the motion and Plaintiff's opposition, the court ultimately ruled that Plaintiff had failed to state a cognizable claim and granted Chase and the Trust's motion to dismiss without leave to amend. *Id.*, Ex. 19. Plaintiff has also filed a series of bankruptcy actions. *See id.*, Exs. 20–28.

On or about February 20, 2020, Plaintiff filed the instant action in the Superior Court of California, County of Santa Clara. *See* Complaint ("Compl.") at 3, Dkt. 1-1. In this Complaint, Plaintiff alleges that the Assignments are void and contain material, false statements of interest and authority and thus cloud Plaintiff's title. *See id.* ¶ 2. Plaintiff seeks equitable relief—she wants this Court to cancel and expunge the falsely recorded instruments. *See id.* at 35–36. On March 26, 2020, Defendants timely removed this action based on diversity and federal question jurisdiction. *See* Notice of Removal, Dkt. 1. Defendants filed a motion to dismiss the Complaint, which argues that the Complaint is barred by (1) the doctrines of res judicata and collateral estoppel, (2) the doctrine of judicial estoppel, and (3) the relevant statute of limitations. Motion to Dismiss Complaint ("MTD"), Dkt. 11; *see also* Joinder re Motion to Dismiss, Dkt. 14. Thereafter, on April 27, 2020, Plaintiff filed a motion to remand the action. Motion to Remand ("MTR"), Dkt. 30. Defendants filed an opposition to Plaintiff's motion to remand. Opposition re Motion to Remand ("MTR Opp."), Dkt. 33; *see also* Reply re Motion to Remand ("MTR Reply"), Dkt. 36. Likewise, Plaintiff filed an opposition to Defendants' motion to dismiss. Opposition re Motion to

Dismiss ("MTD Opp."), Dkt. 34; *see also* Reply re Motion to Dismiss ("MTD Reply"), Dkt. 37.

## II. LEGAL STANDARDS

### A. Motion to Remand

The party seeking removal bears the burden of establishing jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant sued in state court may remove the action to federal court only if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Court strictly construes the removal statute against removal jurisdiction. *Id.* Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Federal courts are "particularly skeptical of cases removed from state court." *Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1134 (C.D. Cal. 2016) (citing *Gaus*, 980 F.2d at 566).

### B. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Federal Rule of Civil Procedure 8(a)(2)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The requirement that the court "accept as true" all allegations in the complaint is "inapplicable to legal conclusions." *Id.* If there are two alternative explanations, one advanced by the defendant and the other advanced by the plaintiff, both of which are plausible, the "plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Dismissal can be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Case No.: 5:20-cv-02107-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND
5

## III. DISCUSSION

### A. Plaintiff's Motion to Remand

Plaintiff argues that this Court must remand her action back to the Superior Court of California, County of Santa Clara. A defendant sued in state court may remove the action to federal court if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). A federal court may exercise subject-matter jurisdiction over a case or controversy so long as it has either (1) diversity jurisdiction, see 28 U.S.C. § 1332, or (2) federal question jurisdiction, see 28 U.S.C. § 1331.[3] Because the Court possesses diversity jurisdiction, Plaintiff's motion to remand is denied.

### 1. Diversity of Citizenship

Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over civil actions with diverse parties and where the amount in controversy exceeds $75,000. In determining whether complete diversity exists among the parties, courts "ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PRR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (quotation marks and citations omitted). A nominal defendant is a person "who holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *SEC v. Colello*, 139 F. 3d 674, 676 (9th Cir. 1998) (quotation marks and citations omitted). The paradigmatic nominal defendant is "a trustee, agent, or depositary . . . [who is] joined purely as a means of facilitating collection." *Id.* (internal quotations and citation omitted). Because the nominal defendant has no legitimate claim to the disputed property, he is not a real party in interest. *Id.* Accordingly, "there is no claim against him and it is unnecessary to obtain subject matter jurisdiction over him once jurisdiction of the defendant is established." *Id.* (quotation marks and citations omitted).

---

[3] Defendants argue that this Court also has federal question jurisdiction over the case. Because the Court finds that it has diversity jurisdiction, it does not reach this argument.

Case No.: 5:20-cv-02107-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND
6

Defendants CRC, Irby, McCarthy, and Quality destroy complete diversity as they, like Plaintiff, are California citizens. Defendants argue that CRC, Irby, McCarthy, and Quality are nominal defendants. MTR Opp. at 6–7. The Court agrees.

Plaintiff wants to have the Assignments declared void based on alleged fraudulent activity. *See* Compl. at 3. The Complaint, however, provides no facts from which this Court can infer that (all) Defendants actively participated in the recordation of void assignments. *Cf.* MTD at 12. Regarding Quality, the Complaint only alleges that Quality "was an entity doing business in the State of California." *See* Compl. ¶ 9. It says nothing about how Quality participated in the Assignments *or* that Quality acted in a capacity outside of its trustee duties. Indeed, this is why Quality filed a declaration of nonmonetary status in the state court. *See* Dkt. 1-2. While Plaintiff objected to this declaration, the objection fails to allege that Quality participated in any wrongful acts or omissions based on a capacity outside of its trustee duties. *See Boruta v. JPMorgan Chase Bank, N.A.*, 2019 WL 4010367, at *4 (N.D. Cal. Aug. 26, 2019).

Regarding Irby, the only allegations against her is that she was a "robo-signer" and not authorized to execute the First ADOT. Compl. ¶¶ 29, 35. Courts have routinely rejected this premise. *Javaheri v. JPMorgan Chase Bank, N.A.*, 2012 WL 3426278, at *6 (C.D. Cal. Aug. 13, 2012); *Pratap v. Wells Fargo Bank, N.A.*, 63 F.Supp.3d 1101, 1109 (N.D. Cal. 2014) ("[W]here a plaintiff alleges that a document is void due to robo-signing, yet does not contest the validity of the underlying debt, and is not a party to the assignment, the plaintiff does not have standing to contest the alleged fraudulent transfer").

Regarding CRC, the original trustee of the Loan, Plaintiff does not state any substantive claim against this defendant. Rather, Plaintiff plainly alleges only that CRC employed Defendant Irby. *See* Compl. ¶¶ 7–8. This is insufficient to show that CRC participated in a capacity outside of its trustee duties.

Regarding McCarthy, the Complaint only alleges that McCarthy is the legal counsel for the Trust. *See id.* ¶ 6. This is insufficient to show that McCarthy acted in a capacity outside his duties

to the trust.

Moreover, Plaintiff has not shown that CRC, Irby, McCarthy, or Quality have any beneficial interest in the DOT. Plaintiff seeks "the equitable removal of clouds on title." MTD at 12. The only party claiming an interest in the DOT is the Trust, *i.e.* Defendant U.S. Bank. Accordingly, because Defendants CRC, Irby, McCarthy, and Quality have no interest in the Trust and have not acted in an improper capacity, they are not real parties in interest and are nominal defendants for purposes of diversity. *See Colello*, 139 F.3d at 676.

### 2. Amount in Controversy

Plaintiff next argues that because she seeks only equitable relief, the amount in controversy does not exceed $75,000. In response, Defendants contend that even while the Complaint does not claim a specific monetary amount, the value of the equitable relief far exceeds $75,000. Defendants are correct; the value of the Property and the rights at issue exceed the $75,000 threshold requirement.

Generally, the "amount in controversy is determined from the allegations or prayer of the complaint." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). Where the crux of the litigation involves property rights, it is the property value or loan amount that determines the amount in controversy. *See Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011).

Here, Plaintiff seeks to have the Assignments voided so that Defendant U.S. Bank National will not be able to foreclose on the Property. *See* Compl. ¶ 50 ("Plaintiff will suffer irreparable harm in absence of [the Assignments being voided] because Plaintiff is threatened with the loss of her Property . . . ."). Indeed, at bottom, Plaintiff seeks to have the Assignments *permanently* voided to prevent the Trust from foreclosing the Property. Plaintiffs' allegations demonstrate that the real "subject of this litigation [is] the property, whose value is well over $75,000." *See*

Case No.: 5:20-cv-02107-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND

8

*Hendricks v. Wells Fargo Bank, N.A.*, 2015 WL 1644028, at *5 (C.D. Cal. Apr. 14, 2015); *see also* RJN, Ex. 11 (valuing the balance of the Loan at $2,535,153.15); *Id.*, Ex. 6 (Plaintiff valuing the Property at $2,950,000 in her pending Bankruptcy action); *cf. Jauregui v. Nationstar Mortgage LLC*, 2015 WL 2154148, at *3–*4 (C.D. Cal. May 7, 2015) (finding that amount in controversy was not met because the plaintiff only sought to temporarily halt foreclosure). Accordingly, the amount in controversy is satisfied.

### 3. *Burford* Abstention

Plaintiff last argues that even if diversity jurisdiction exists, this Court should abstain from exercising jurisdiction over this case under *Burford v. Sun Oil Co*. *See* MTR at 15. Specifically, Plaintiff contends that this case should be remanded because it only implicates California state interests. MTR at 15.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996) ("[T]he power to dismiss recognized in *Burford* represents an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it." (citation and quotation marks omitted)). Under the *Burford* abstention doctrine, when state court review is available, a federal court sitting in equity must decline to hear the matter if: (1) "there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'"; or (2) "where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *New Orleans Pub. Serv. Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (quoting *Colo. River Water Conservation Dist.*, 424 U.S. at 814). Federal district courts sitting in the Ninth Circuit apply three factors to determine whether *Burford* abstention is appropriate: "whether (1) the state has concentrated suits challenging state agency actions in particular courts; (2) the federal issues are not easily separable from state issues with

Case No.: 5:20-cv-02107-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND
9

1  which the state courts have special aptitude; and (3) federal involvement may disturb state efforts
2  to establish consistent policy." *Schmidt v. Cty. of Nev.*, 2011 WL 445836, at *5 (E.D. Cal. Feb. 8,
3  2011).

   Plaintiff seems to misunderstand the *Burford* standard—it is not enough to show that a state is interested in the issue or that the matter concerns issues of state law. *Cf.* MTR at 16–17. Plaintiff must show that federal intervention would seriously disrupt a state's efforts to establish a consistent policy and that the matter involves *significant* state-law issues such that the extraordinary measure of abstention is warranted. Plaintiff has not done this. First, Plaintiff has provided no evidence that California has concentrated suits involving fraudulent and/or void title clouds in particular courts. Second, as noted, Plaintiff's state law claims do not involve "difficult questions of state law bearing on policy problems of substantial public import." *Moore v. Regents of Univ. of Cal.*, 793 P.2d 479 (Cal. 1990). Rather, they involve property interests particular to Plaintiff. Third, the Court's review of this matter will not disturb California's efforts to establish consistent state policy, especially since this Court (sitting in diversity) must follow relevant California law. Accordingly, *Burford* abstention is inapplicable and the Court retains diversity jurisdiction over the case. Plaintiff's motion to remand is thus **DENIED.**

### B. Defendant's Motion to Dismiss is GRANTED

Defendant argues that this case is barred by res judicata. MTD at 5. The Court agrees.

"Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised or could have been raised' in a prior action." *Stewart v. U.S. Bankcorp.*, 297 F.3d 953, 956 (9th Cir. 2002) (citing *Owens v. Kaiser Found. Health Plan*, 244 F.3d 708, 713 (9th Cir. 2001)). Res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.* (quotations marks omitted).

In determining whether there is an "identity of claims" for purposes of res judicata, courts assess four factors: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same

evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011). The claims raised in the Complaint are the same as those in the 2016 lawsuit before Judge Freeman. *See Thompson v. JPMorgan Chase Bank, N.A.*, 2017 WL 897440 (N.D. Cal. Mar. 7, 2017). In the 2016 Lawsuit, Plaintiff claimed that the Assignments (the same Assignments at issue in this lawsuit) were void. *See id.* at *2 (discussing the three assignments of the DOT). Indeed, in the 2016 complaint, Plaintiff contended that the First, Second, and Third ADOTs were defective and that Irby lacked the power to robo-sign the First ADOT. *See* RJN, Ex. 15 ¶¶ 9, 10–11, 16–17. Hence, the claims at issue in the 2016 Lawsuit are *also* at issue in this lawsuit.

Moreover, the 2016 Lawsuit was a "final judgment on the merits." *See Stewart*, 297 F.3d at 956 (The phrase "final judgment on the merits" is often used interchangeably with "dismissal with prejudice."); *Thompson*, 2017 WL 897440, at *8 (dismissing the action without leave to amend).

Lastly, there is privity among the parties. The Ninth Circuit has defined privity in the res judicata context as "a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *United States v. Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977)). Privity exists if "there is sufficient commonality of interest." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003). Here, while Defendants were not named parties in the 2016 lawsuit, the allegations asserted against Defendants are the same and Defendants have the same interest in the DOT. Thus, Defendants are in privity with the 2016 defendants.

In an attempt to overcome the preclusive effect of the 2016 Lawsuit and judgment of dismissal, Plaintiff argues that the instant lawsuit involves different facts and claims. MTD Opp. at 8. However, Plaintiff's Complaint does not include any new allegations. Rather, Plaintiff

argues only in opposition that a 2018 loan service transfer and a 2019 notice of trustee's sale (which occurred after the 2016 Lawsuit) present new claims. Even if Plaintiff had included such allegations in her Complaint, they are still linked to the previously adjudged Assignments because the inability to (1) transfer the loan and (2) notice a trustee sale stems from the alleged void-ness of the three Assignments at issue. As noted, Judge Freeman found that Plaintiff's theory relating to assignments of the DOT was not sound and lacked a proper basis in statutes and case law. *Thompson*, 2017 WL 897440, at *8. That finding has not changed; thus, the 2018 loan service transfer and 2019 notice of trustee sale were proper. Accordingly, Plaintiff's Complaint is barred on res judicata grounds and Plaintiff is foreclosed from relitigating her claims in this action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED** and Defendants' motion to dismiss is **GRANTED without leave to amend.** *See Datt v. Wells Fargo*, 2019 WL 5722384, at *4 (N.D. Cal. Nov. 5, 2019) (finding that denial of leave to amend is proper if res judicata bars the claims at issue). Plaintiff is advised that she may not file duplicative litigation. Judgement will be entered in favor of Defendants and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 17, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-02107-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND
12